IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAMONTA M. MENEESE, | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 3:22-cv-00397 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| BERT C. BOYD, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

Damonta M. Meneese filed a pro se Petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1). Respondent filed a Motion to Dismiss that contends, among other things, that the Petition is untimely and Petitioner is not entitled to equitable tolling. (Doc. Nos. 8-9, 14). Petitioner disagrees on both counts. (Doc. No. 12). For the following reasons, Respondent's Motion will be granted and the Petition will be dismissed.

There is a one-year limitations period for the filing of federal habeas corpus petitions.[1] 28 U.S.C. § 2244(d)(1). This one-year period begins to run from the latest of four dates, one of which is relevant here, namely, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id*. § 2244(d)(1)(A). The running of the limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id*. § 2244(d)(2).

In November 2016, Petitioner and his co-defendant Alexander Vance were convicted by a Davidson County jury of first-degree felony murder, second-degree murder, especially aggravated

---

[1] An untimely habeas petition is subject to dismissal pursuant to *Adams v. Genovese*, No. 1:17-cv-00098, 2018 WL 2560397, at *3 (M.D. Tenn. June 4, 2018).

kidnapping, and three counts of aggravated assault. *State v. Vance*, No. M2017-01037-CCA-R3-CD, 2018 WL 5840686, at *1 (Tenn. Crim. App. Nov. 7, 2018). Petitioner received a total effective sentence of life imprisonment plus nine years. (Doc. No. 7-1 at 1); *Meneese v. State*, No. M2021-01137-CCA-R3-PC, 2022 WL 1236978, at * 1 & n.1 (Tenn. Crim. App. Apr. 27, 2022). On November 7, 2018, the Tennessee Court of Criminal Appeals ("TCCA") affirmed. *Vance*, 2018 WL 5840696, at *3-7; *Meneese*, 2022 WL 1236978, at *1. Although Vance sought (and obtained) review by the Tennessee Supreme Court, Petitioner did not. *Meneese*, 2022 WL 1236978, at *1 & n.3; *State v. Vance*, 596 S.W.3d 229, 233 n.1 (Tenn. 2020). On April 10, 2021, Petitioner filed a state petition for post-conviction relief. (Doc. No. 7-31 at 51-58). The post-conviction court dismissed the petition as untimely, and the TCCA affirmed. *Id*. at 66-68; *Meneese*, 2022 WL 1236978, at *3.

Petitioner's judgment became final on January 7, 2019, when the time for pursuing discretionary review from the Tennessee Supreme Court expired.[2] *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (confirming that a judgment becomes final when the time for seeking direct review expires). Thus, for purposes of Section 2244(d)(1), the limitations period began to run on January 8, 2019, and expired one year later on January 8, 2020. The limitations period was not revived or tolled during the subsequent pendency of Petitioner's untimely state post-conviction petition. See *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (explaining that an untimely state post-conviction petition is not entitled to statutory tolling); *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003)

---

[2] The sixty-day period for Petitioner to seek discretionary review ended on a Sunday, so the deadline extended to Monday, January 7, 2019. *See* Tenn. R. App. P. 11(b), 21(a). Petitioner incorrectly asserts that his judgment became final after an additional ninety days in which he could have filed a petition for a writ of *certiorari* to the U.S. Supreme Court. (Doc. No. 12). Petitioner may only petition the U.S. Supreme Court, however, for review of a ruling of the Tennessee Supreme Court. *See* U.S. Sup. Ct. Rule 13(1). Because Petitioner did not pursue relief before the Tennessee Supreme Court, his judgment became final when the time to do so expired.

2

("The tolling provision does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run.") (citation omitted). Because Petitioner's federal habeas corpus petition was not filed until May 23, 2022—nearly two and one-half years after the end of the limitations period—the Petition is untimely.

The limitations period is subject to equitable tolling, *Holland v. Florida*, 560 U.S. 631, 645 (2010), a doctrine that allows courts to toll a limitations period "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks omitted)). Courts, however, grant equitable tolling "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784); *Amini v. Oberlin College*, 259 F.3d 493, 500 (6th Cir. 2001). To warrant equitable tolling, a petitioner must show "that he has been pursuing his rights diligently," and "that some extraordinary circumstance stood in [his] way and prevented timely filing." *Holland*, 560 U.S. at 649.

Petitioner first argues that he is entitled to equitable tolling based on ignorance of the law. (Doc. No. 12 at 3-5). "Even if [Petitioner] lacked actual knowledge of the relevant [statutory] provisions," however, the Sixth Circuit has repeatedly held that "ignorance of the law alone is not sufficient to warrant equitable tolling." *Taylor v. Palmer*, 623 F. App'x 783, 789 (6th Cir. 2015) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991) (per curiam)); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005). Petitioner also contends that prison law library restrictions due to the COVID-19 pandemic hindered timely filing. Generally speaking, a prisoner's pro se status and limited access to the prison's law library or to legal materials do not justify equitable tolling, *Hall*, 662 F.3d at 750-51, "especially where a petitioner does not sufficiently explain why the circumstances he describes prevented him from timely filing a habeas petition[.]" *Andrews v.*

*United States*, No. 17-1693, 2017 WL 6376401, at *2 (6th Cir. Dec. 12, 2017); *see also Thornton v. United States*, No. 20-1545, 2020 U.S. App. LEXIS 27511, at *4 (6th Cir. Aug. 27, 2020) ("[L]ack of access to law library resources . . . [is] insufficient to warrant equitable tolling."); *United States v. Cherry*, No. 04-cr-90040, 2010 WL 3958679, at *2 (E.D. Mich. Oct. 8, 2010) (explaining that claims of "interfere[nce] with law library access" are not extraordinary for the purposes of equitable tolling). Although the COVID-19 pandemic "could—in certain circumstances—conceivably warrant equitable tolling," a petitioner must still show that the petition would have been timely filed "if not for external obstacles caused by COVID-19." *United States v. West*, 578 F. Supp. 3d 962, 966-67 (N.D. Ohio 2022) (citing *Pace*, 544 at 418).

Petitioner makes general references to COVID-19-related law library restrictions that began in 2020. (Doc. No. 12). However, Petitioner offers no explanation as to why these circumstances prevented him from filing a habeas petition by January 8, 2020.[3] In the absence of an external obstacle—pandemic-related or otherwise— that prevented timely filing, Petitioner's lack of consistent access to law libraries does not constitute an "extraordinary circumstance" sufficient for equitable tolling. *See, e.g., Taylor v. Valentine*, No. 5:20-cv-00139, 2021 WL 864145, at *3 (W.D. Ky. Mar. 8, 2021) (holding that petitioner was not entitled to equitable tolling of expired limitations period because he failed to show that the COVID-19 pandemic limited his ability to timely file petition); *Chapman-Sexton v. United States*, No. 2:16-cr-141, 2021 WL 292027, at *3 (S.D. Ohio Jan. 28, 2021) ("The record does not indicate that impact of any extraordinary circumstances imposed by COVID-19 prevented Petitioner from timely filing this

---

[3] The Court takes judicial notice that the first laboratory-confirmed case of COVID-19 in the United States was reported on January 20, 2020, twelve days after the expiration of the limitations period. *See* U.S. Centers for Disease Control and Prevention, *COVID-19 Timeline*, at https://www.cdc.gov/museum/timeline/covid19.html (last visited Nov. 15, 2022); *see also West*, 578 F. Supp. 3d at 967 (noting that the COVID-19 pandemic "began in March 2020").

4

federal habeas corpus petition within the one-year period[.]"); *West*, 578 F. Supp. 3d at 967 (holding that petitioner's "vague and generalized contentions" about COVID-19-related law library restrictions "[did not] begin to demonstrate that the impact of the COVID-19 pandemic interfered with his ability to file" habeas petition); *Mims v. United States*, No. 4:20-cv-1538, 2021 WL 409954, at *3 (E.D. Mo. Feb. 5, 2021) (holding that law library restrictions due to COVID-19 pandemic were insufficient to warrant tolling because the petitioner failed to establish he was previously pursuing his rights diligently).[4]

---

[4] Although Petitioner has not raised the issue in opposition to the Motion to Dismiss, the Petition suggests that trial counsel, who was suspended from the practice of law from 2018 to 2020, abandoned Petitioner and later provided Petitioner with incorrect information about the filing deadline for state post-conviction relief. (*See* Doc. No. 1 at 4). To the extent trial counsel provided an incorrect deadline, "[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (citing *Coleman v. Thompson*, 501 U.S. 722, 756-757 (1991)); *see also Taylor*, 623 F. App'x at 789 ("It is well-settled . . . that a mistaken belief in calculating the statute of limitations does not constitute an extraordinary circumstance sufficient to warrant equitable tolling.") (citing *Lawrence*, 549 U.S. at 336-37); *Elliott v. Dewitt*, 10 F. App'x 311, 313 (6th Cir. 2001) ("[A]n attorney's mistake which results in missing the filing deadline imposed by the AEDPA is not a basis for equitable tolling."). Although attorney abandonment may constitute extraordinary circumstances, *Holland*, 560 U.S. at 652; *Maples v. Thomas*, 565 U.S. 266, 283 (2012), "the statute of limitations may only be tolled where the circumstances are both beyond the petitioner's control and unavoidable even with due diligence." *Robinson v. Easterling*, 424 F. App'x 439, 442 (6th Cir. 2011) (citing *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)); *see also Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."). Here, Petitioner does not allege that he attempted to contact trial counsel or pursue his federal rights between 2018 and June 2020, by which time the federal limitations period had expired. (*See* Doc. No. 1 at 4). Nor did Petitioner engage in diligent conduct upon receiving trial counsel's June 2020 letter describing a March 2021 deadline. Rather, Petitioner waited until May 2022— nearly two and one-half years past the expiration of the limitations period—to file a federal habeas petition. Thus, Petitioner failed to exercise reasonable diligence in securing his federal rights. *Robinson,* 424 F. App'x at 442 (explaining that the Sixth Circuit "has never granted equitable tolling to a petitioner who sat on his rights for a year and a half" and declining to do so where petitioner alleged attorney misconduct and delayed notification of case status) (citing *Longazel v. Fort Dearborn Life Ins. Co.*, 363 F. App'x 365, 368-69 (6th Cir. 2010)); *see also Pace*, 544 U.S. at 416 (stating that a prisoner seeking state postconviction relief can avoid a federal habeas time bar by "filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted.") (citing *Rhines v. Weber*, 544 U.S. 269, 278 (2005)). Because Petitioner, "acting with reasonable diligence, could have filed on time notwithstanding the [alleged] extraordinary circumstances," *Robinson*, 424 F. App'x at 443, he is not entitled to equitable tolling on the basis of attorney misconduct.

5

In sum, the Petition is untimely and Petitioner has not demonstrated a basis for equitable tolling or offered any other persuasive explanation for the delay. Accordingly, the Motion to Dismiss (Doc. No. 8) is **GRANTED** and the Petition is **DISMISSED WITH PREJUDICE** for untimeliness. 28 U.S.C. § 2244(d)(1); Habeas Rules 5(b) and 8(a).

The Court must issue or deny a certificate of appealability ("COA"), Habeas Rule 11(a), depending on whether a petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a petition is denied on procedural grounds, the petitioner must show "at least that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Dufresne v. Palmer*, 876 F.3d 248, 253 (6th Cir. 2017) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The Court concludes that Petitioner has not satisfied this standard and **DENIES** a COA. If Petitioner files a notice of appeal in this Court, however, he may seek a COA directly from the U.S. Court of Appeals for the Sixth Circuit. Habeas Rule 11; Fed. R. App. P. 22(b)(1).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

6

Case 3:22-cv-00397   Document 15   Filed 11/16/22   Page 6 of 6 PageID #: 1843